**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00219-REB-NYW

JOANNE CARROLL,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

## ORDER ON PENDING MOTIONS

Magistrate Judge Nina Y. Wang

    This matter comes before this court on the following two motions:

(1)     Defendant Safeco Insurance Company of America's ("Defendant" or "Safeco") Motion to Strike Plaintiff's Second Supplemental Calculation of Damages and to Exclude Evidence of Costs Related to Treatment of Her Hiatal Hernia at Trial (the "Motion to Strike"), filed on October 22, 2020, [#54]; and

(2)     Plaintiff Joanne Carroll's ("Plaintiff" or "Ms. Carroll") Motion for Leave to Reopen Discovery (or "Motion to Reopen"), filed November 6, 2020, [#60].

The undersigned considers the Motions pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated January 31, 2020 [#13], and the Memoranda dated October 23 and November 6, 2020, *see* [#55; #61], and concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, having reviewed the Motions and associated briefing, the entire record, and the applicable case law, this court **DENIES** the Motion to Strike and the Motion to Reopen.

## BACKGROUND

    This civil action arises out of an insurance dispute between Plaintiff and Safeco. *See* [#1].

Plaintiff alleges she was a passenger in her daughter's automobile when a non-party tortfeasor collided with Plaintiff's daughter's automobile, causing Ms. Carroll to sustain injuries. [#4 at ¶¶ 5-9]. Upon settling with the non-party tortfeasor's insurance company, Ms. Carroll sought underinsured motorist ("UIM") benefits under her daughter's Safeco Policy Y8163889 (the "Policy"). *See* [*id.* at ¶¶ 11-15]. Because Safeco has yet to tender any benefits under the Policy, Ms. Carroll initiated this civil action in the Douglas County District Court on or about December 27, 2019, asserting claims against Safeco for breach of contract ("Claim 1") and statutory bad faith breach of an insurance contract ("Claim 2"). *See generally* [#4].

On January 27, 2020, Defendant removed this matter to this District pursuant to 28 U.S.C. § 1332. *See* [#1]. Thereafter, the undersigned conducted a Scheduling Conference with the Parties and set the following pretrial deadlines: June 18, 2020 as the written discovery deadline; July 27, 2020 as the discovery deadline; and August 27, 2020 as the dispositive motions deadline. *See* [#18 at 10-13]. This court granted an extension of these deadlines on April 13, 2020, rendering July 21, 2020 as the written discovery deadline; August 27, 2020 as the discovery deadline; and September 17, 2020 as the dispositive motions deadline. *See* [#26]. This court later denied the Parties' Motion to reconsider these extensions. *See* [#37]. The presiding judge, the Honorable Robert E. Blackburn, set this matter for trial, to commence on December 7, 2020, [#23], but has since reset trial to begin on July 26, 2021, with the Final Pretrial Conference set for July 1, 2020, *see* [#53; #63].

On September 17, 2020, Safeco moved for summary judgment on Claim 2, arguing that Ms. Carroll failed to offer any evidence that Safeco acted unreasonably given that Ms. Carroll submitted medical bills documenting an amount of only $72,056.61 and Ms. Carroll received $250,000 from the at-fault driver's insurance provider. *See* [#39]. Then, on September 21, 2020,

Plaintiff moved for an extension of the disclosure deadline to September 27, 2020 to allow for the disclosure of an electronic mail message from Plaintiff's counsel to a Safeco adjuster. *See* [#41]. Having found no good cause to amend the Scheduling Order or excusable neglect for the untimely extension, this court denied the request. *See* [#48]. Judge Blackburn later referred the Motion for Summary Judgment to undersigned for recommendation and this court recommended granting the Motion for Summary Judgment because there was no evidence suggesting Safeco acted unreasonably in concluding the $250,000 settlement fully compensated Ms. Carroll. *See* [#52]. The Recommendation remains pending before Judge Blackburn.

Safeco filed its Motion to Strike on October 22, 2020, arguing that the court should strike Ms. Carroll's fourth supplementation of damages regarding treatment for her hiatal hernia because the supplementation is untimely and deficient on its face. *See generally* [#54]. According to Safeco, on or about October 1, 2020, Plaintiff served an untimely fourth supplemental disclosure regarding medical costs associated with a hiatal hernia that Ms. Carroll attributes to the automobile accident underlying her claims, *see* [#54 at 3], and offered this untimely supplementation in her Response to the Motion for Summary Judgment, *see* [#45-11; #47]. Then, on November 6, 2020, Plaintiff filed her Motion for Leave to Reopen Discovery, arguing that the court should reopen discovery regarding Ms. Carroll's ongoing treatment for her hiatal hernia. *See generally* [#60]. Because the Motions are ripe, I consider each in turn.

## ANALYSIS

I.  **Motion to Strike**

   A.  **Applicable Law**

   ***Rule 26 of the Federal Rules of Civil Procedure***: Rule 26(a)(1) of the Federal Rules of Civil Procedure directs parties to disclose certain information without awaiting a formal discovery

3

request, including, *inter alia*, "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(iii). The Rule aims to "accelerate the exchange of basic information" and "should provide an opposing party with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Poitra v. Sch. Dist. No. 1 in the Cty. of Denver*, 311 F.R.D. 659, 663 (D. Colo. 2015) (internal quotation marks, citations, and brackets omitted). And Rule 26(e) requires a party to supplement its disclosures or responses if the party learns that the disclosure is "incomplete or incorrect" in some "material respect." *See Caldwell-Baker Co. v. S. Illinois Railcar Co.*, No. CIV.A.00-2380-CM, 2001 WL 789389, at *1 (D. Kan. June 5, 2001). If incomplete or incorrect, the disclosing-party must supplement its disclosures in a timely manner. *See Cohen v. Pub. Serv. Co. of Colorado*, No. 13-cv-00578-WYD-NYW, 2015 WL 6446948, at *2 (D. Colo. Oct. 26, 2015) (discussing Fed. R. Civ. P. 26(e)(1)).

The timeliness of supplementation centers on when the disclosing-party "reasonably should know" that its disclosures are incomplete or incorrect. *See Jama v. City & Cty. of Denver*, 304 F.R.D. 289, 299-300 (D. Colo. 2014). While the rule does not define "in a timely manner," supplementation must occur "in a fashion that will allow [the opposing party] to conduct meaningful discovery and avoid undue delay in the progress of [the] case." *United States v. Guidant Corp.*, No. 3:03-0842, 2009 WL 3103836, at *4 (M.D. Tenn. Sept. 24, 2009). *cf.* Fed. R. Civ. P. 26(e)(1)(A), (e)(2) (explaining that supplementation must be made no later than the time a party's pretrial disclosures are due under Rule 26(a)(3)); D.C.COLO.LCivR 26.1(b) (providing that Rule 26(a)(3) disclosures must be made by the filing of the Final Pretrial Order). Nevertheless, even if made on or before the deadline, the court will also consider a party's diligence in obtaining the supplemental information, the length of time to supplement once the party obtained the

supplemental information, and other relevant facts to determine whether a party's course of conduct in supplementing frustrates the purpose of Rule 26 to promote full and orderly pretrial disclosure. *See, e.g.*, *Jama*, 304 F.R.D. at 299-300 (discussing timeliness under Rule 26(e)); *Harvey v. United States*, Civil Action No. 04-cv-00188-WYD-CBS, 2005 WL 3164236, *13 (D. Colo. Nov. 28, 2005).

***Rule 37 of the Federal Rules of Civil Procedure***: Rule 37(c) of the Federal Rules of Procedure governs violations of Rule 26(e). Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>   (B) may inform the jury of the party's failure; and
>   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

Fed. R. Civ. P. 37(c)(1). The determination as to whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the court. *Woodworker's Supply, Inc. v. Principal Mt. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Several factors guide the court's determination, including (1) the prejudice and surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). If neither substantially justified nor harmless, the court must choose a sanction that is both just and related to the violation. *See Jama*, 304 F.R.D. at 300.

B.     **Application**

Defendant moves to strike Ms. Carroll's fourth supplementation of damages regarding treatment for her hiatal hernia, because it is untimely and deficient on its face. Regarding timeliness, Safeco argues that Ms. Carroll was aware on June 24, 2020, at the least, that Safeco requested supplementation of Ms. Carroll's damages to learn the extent of Ms. Carroll's treatment of the hiatal hernia, yet Ms. Carroll did not provide the supplementation until about October 1, 2020, well after the discovery deadline. *See* [#54 at 5-6]. Regarding the sufficiency of the supplementation, Safeco argues that Ms. Carroll fails to comply with Rule 26(a)(1)(A)(iii) because she provides only a personal accounting of her hiatal hernia treatment and has not provided the medical records upon which she bases this accounting. *See* [*id.* at 7]. I respectfully agree with Defendant.

First, this court concludes that Ms. Carroll's supplementation of damages on or about October 1, 2020, is untimely. While "Plaintiff's obligation to supplement under Rule 26(e)(1)(A) continues after discovery closes and does not require a court order," *Benjamin v. Bd. of Trustees of Barton Cty. Cmty. Coll.*, No. 17-2557-JAR, 2020 WL 4785107, at *2 (D. Kan. Aug. 18, 2020), the court must still consider Ms. Carroll's diligence in obtaining the supplemental information and the time it took for her to supplement thereafter, *see Jama*, 304 F.R.D. at 299-300. The record before the court reveals that Ms. Carroll was aware of her need to supplement her calculations of damages regarding her hiatal hernia on or about June 24, 2020, when defense counsel questioned Ms. Carroll about her hiatal hernia treatment and Ms. Carroll provided "ballpark" estimates of her costs of treatment. *See* [#54-1 at 96:10-97:3, 99:20-101:2]. Ms. Carroll later provided her counsel a document of her personal accounting of her alleged treatment for her hiatal hernia as of July 12, 2020. *See* [#45-11; #71-1]. Ms. Carroll then offered that personal accounting in support of her

6

Response to the Motion for Summary Judgment on October 1, 2020. *See* [#45-11].

In her Response to the Motion to Strike, Ms. Carroll argues that her supplementation was not untimely because the COVID-19 global pandemic hindered her ability to obtain relevant medical records regarding her hiatal hernia treatment. [#64 at 6]. And although her personal accounting is dated July 12, 2020, she did not receive the medical records until August and September 2020 and then provided her personal accounting to her attorney on or about September 29, 2020, who later served the personal accounting on October 1, 2020. *See* [*id.*]. But Ms. Carroll offers nothing other than attorney argument to support her assertion that she could not obtain the relevant medical records until August and September 2020. While the court understands the obstacles imposed by the COVID-19 global pandemic, it is not convinced that Ms. Carroll could not obtain the requisite medical information until August and September 2020. This is especially so when, as Ms. Carroll acknowledges, she has consistently attributed her hiatal hernia to the underlying automobile accident yet could not provide an updated accounting of her treatment prior to the August 27, 2020 close of discovery. *Cf. Wood v. Handy & Harman Co.*, 318 F. App'x 602, 609 (10th Cir. 2008) (affirming the district court's conclusion that the plaintiff's supplemental discovery response was untimely when filed two months after the close of discovery, especially where the plaintiff had ample time to provide this information to the defendant).

Second, I conclude that Ms. Carroll's supplementation is deficient on its face. Rule 26(a)(1)(A)(iii) provides that a party must provide as part of her initial disclosures a "computation of each category of damages claimed" and "must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Ms. Carroll's personal

7

accounting of her alleged hiatal hernia treatment, without the medical records on which she bases her computation, is insufficient.

Despite this, Ms. Carroll argues that her supplementation is harmless and substantially justified. *See* [#64 at 6]. She argues there is no prejudice to Defendant because she has claimed damages associated with her hiatal hernia treatment since the inception of this civil action and the only surprise is that the treatment is only approximately $12,000 instead of the $50,000 originally estimated. *See* [*id.*]. She continues that Judge Blackburn has continued trial until 2021 and that she has moved to reopen discovery to account for her ongoing hiatal hernia treatment. *See* [*id.* at 7]. Ms. Carroll also argues that she provided the supplementation to Defendant within one day of disclosing it to her attorney and thus did not act in bad faith, and were the court to limit this evidence, it would hinder Dr. Carlene Chun's, who is Ms. Carroll's non-retained expert, ability to offer current medical opinions on Ms. Carroll's hiatal hernia treatment. *See* [*id.* at 8].

In balancing the *Woodworker's Supply Inc.* factors, this court concludes that Ms. Carroll's untimeliness and deficiencies are harmless under the circumstances. As Ms. Carroll asserts, she has attributed her hiatal hernia treatment to the underlying accident and Safeco has sought discovery to this effect throughout. Although she estimated that such treatment costed roughly $50,000, her treatment as of July 12, 2020 was purportedly only $12,669.67. *See* [#71-1]. It is hard to see how Safeco will suffer any prejudice from this information. Indeed, this court has recommended that Judge Blackburn grant summary judgment in favor of Safeco on Claim 2, and this information is unlikely to affect that conclusion given that the actual treatment costs are well below Ms. Carroll's earlier estimates. And Ms. Carroll can cure the deficiencies with her supplementation by promptly providing Safeco with the medical records corroborating her personal accounting of the treatment costs associated with her hiatal hernia.

Further, this court does not believe that this information will disrupt trial, as Judge Blackburn has recently reset trial for July 2021, and as discussed below, this court is not inclined to reopen discovery at this stage. And although Ms. Carroll provides only attorney argument as to her inability to obtain the relevant medical records due to the COVID-19 global pandemic, the record before this court does not conclusively establish Ms. Carroll acted in bad faith. Thus, I conclude Ms. Carroll's untimeliness of and deficiencies with her supplementation are harmless under the circumstances.

### C. Conclusion

Based on the foregoing, this court concludes that striking Ms. Carroll's supplementation and precluding her from offering such evidence at trial is not warranted under the circumstances. Accordingly, this court **DENIES** the Motion to Strike but **ORDERS** Ms. Carroll to provide all documentation supporting her personal accounting to Safeco **on or before January 21, 2021**.

## II. Motion for Leave to Reopen Discovery

### A. Applicable Law

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court[.]" *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). In determining whether to reopen discovery, courts consider:

1. the imminence of trial,
2. the opposition to the request,
3. the prejudice to the nonmovant,
4. the diligence of the movant in obtaining discovery prior to the close of discovery,
5. the foreseeability of the need for more discovery beyond the window provided, and
6. the likelihood new discovery will yield relevant evidence.

*SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990). In addition, Rule 16(b)(4) of the Federal Rules of Civil Procedure requires the movant to demonstrate "good cause" for amending the discovery deadline set by the Scheduling Order, which requires a showing that the movant could not have met the deadline despite her diligent efforts. *White v. Deere & Co.*, No. 13-CV-02173-PAB-NYW, 2015 WL 5081609, at *5 (D. Colo. Aug. 28, 2015).

  **B.** **Application**

  Plaintiff seeks to reopen discovery to allow for further discovery on her ongoing treatment for her hiatal hernia and other injuries. *See* [#60 at 3; #69]. She argues that the applicable factors weigh in favor of reopening discovery, beginning in December 2020 until 90 days prior to trial (roughly April 26, 2021). *See generally* [#60; #69]. Defendant opposes the Motion to Reopen, arguing that Plaintiff had ample time to conduct discovery on her hiatal hernia treatment and cannot merely rely on the COVID-19 global pandemic to justify reopening discovery now. *See generally* [#68]. For the following reasons, this court agrees with Safeco that reopening discovery is not warranted.

  ***Whether Trial Is Imminent***. Ms. Carroll argues that this court should reopen discovery because trial is no longer imminent, given that Judge Blackburn has reset trial for July 2021 due to the COVID-19 global pandemic. *See* [#60 at 3; #69 at 3]. Safeco counters that Ms. Carroll initially requested an expedited trial but has now abandoned this desire and cannot now benefit from the COVID-19 global pandemic to conduct discovery she should have conducted within the original discovery deadline. *See* [#68 at 9].

  While trial has since been rescheduled for July 2021 due to the COVID-19 global pandemic, this court is not convinced that this weighs in favor of reopening discovery by itself. This court originally provided the Parties five months to conduct discovery and later extended

discovery by an additional month. *See* [#17; #18; #26]. The fact that trial is no longer imminent due to forces beyond the court's and the Parties' control does not necessarily warrant reopening discovery. Thus, this factor weighs only slightly in favor of reopening discovery.

***Whether Safeco Opposes Reopening Discovery***. Safeco "adamantly" opposes the reopening of discovery, arguing that it too had to deal with the challenges presented by the COVID-19 global pandemic but complied with the court's scheduling deadlines. *See* [#68 at 9]. Ms. Carroll argues that Safeco's opposition is unreasonable and is an attempt to "chill full discovery." [#60 at 4]. She further asserts that Safeco only opposes the requested extension because Ms. Carroll is the movant and additional discovery is needed for Ms. Carroll to support her claim at trial that is now nine months away. [#60 at 5; #69 at 4]. But this court agrees with Safeco that reopening discovery simply because trial has been continued until next year due to unforeseen forces does not negate the fact that Safeco opposes the requested relief or that the Parties were afforded an adequate amount of time to conduct discovery initially. Thus, this factor weighs against reopening discovery.

***Whether Safeco Will be Prejudiced by Reopening Discovery***. Ms. Carroll argues Safeco will not be prejudiced by the reopening of discovery because it would benefit from receiving the documentation establishing the actual value of Ms. Carroll's hiatal hernia treatment. *See* [#60 at 4-5]. Safeco argues that reopening discovery would reward Ms. Carroll for her dilatory tactics in conducting discovery on her hiatal hernia treatment and would force Safeco to incur additional expenses. *See* [#68 at 9-10]. Ms. Carroll contends in her Reply that she has not been dilatory in obtaining the requisite medical records to support her hiatal hernia treatment, given the obstacles posed by the COVID-19 global pandemic, and avers that Safeco opposes reopening discovery in bad faith. *See* [#69 at 4-6].

11

This court concludes that Safeco would suffer prejudice from the wholesale reopening of discovery. As explained, this court provided the Parties five months to conduct discovery, later extended by an additional month. *See* [#17; #18; #26]. The Parties proceeded through discovery and each dealt with the obstacles posed by the COVID-19 global pandemic, and Safeco has since moved for summary judgment on Claim 2, with the undersigned issuing a Recommendation to grant that motion before Judge Blackburn continued trial to July 2021. To reopen discovery now to allow Ms. Carroll to conduct discovery into areas she reasonably should have pursued in the six months provided would certainly prejudice Safeco.

Nevertheless, as explained above, Ms. Carroll's duty to supplement her discovery responses and pretrial disclosures continues even after the close of discovery. *Benjamin*, 2020 WL 4785107, at *2. To the extent Ms. Carroll receives the medical records relevant to the alleged estimate of her hiatal hernia treatment, she is obligated under Rule 26(e)(1)(A) to provide that information to Safeco in a timely manner. This, however, does not warrant reopening discovery aimed specifically at Ms. Carroll's hiatal hernia treatment—discovery that could have been completed within the window provided by the Scheduling Order.[1] Thus, this factor weighs against reopening discovery.

***Whether Ms. Carroll Has Been Diligent in Conducting Discovery***. Ms. Carroll argues she has been diligent in conducting discovery on her hiatal hernia treatment, but the COVID-19 global pandemic was an unforeseen obstacle to completing discovery. *See* [#60 at 5-6; #69 at 6-7]. Safeco argues, and this court agrees, that Ms. Carroll fails to demonstrate her diligence in

---

[1] To the extent that Dr Chun has additional opinions to provide with respect to Plaintiff's hiatal hernia or its treatment than what was previously disclosed, any supplementation must be completed by January 21, 2021. In addition, to the extent that Defendant seeks a deposition of Dr. Chun, it may take such deposition out of time no later than February 26, 2020.

obtaining discovery related to her hiatal hernia treatment. [#68 at 10].

The record before the court suggests Ms. Carroll was aware of her hiatal hernia as of December 4, 2019, [#45-8], which was roughly three weeks prior to the initiation of this lawsuit, *see* [#1; #4]. Ms. Carroll then had six months to conduct discovery into her own hiatal hernia treatment. And, as Ms. Carroll represents, she repeatedly referenced her hiatal hernia treatment in various discovery responses and disclosures. *See, e.g.*, [#60-1 through #60-5]. While this court understands the unforeseen obstacles posed by the COVID-19 global pandemic, these obstacles are not unique to Ms. Carroll, and this court is not convinced that invocation of COVID-19, without more, establishes Ms. Carroll's diligence. Thus, this factor weighs against reopening discovery.

***Whether Additional Discovery Was Foreseeable***. Ms. Carroll argues the need for additional discovery was "highly foreseeable" given the continuing treatment she is receiving for her hiatal hernia, including surgical repair of the same. *See* [#60 at 6-7]. Further, Ms. Carroll asserts that with trial being continued, there is ample time to reopen discovery to obtain "medical documentation and billing . . . regarding the progress/regress of [Ms.] Carroll's hiatal hernia, among other medical issues." [#69 at 8]. Safeco argues that additional discovery was not foreseeable given Plaintiff's counsel insistence on an expedited trial, and Plaintiff offers no admissible evidence suggesting her hiatal hernia is related to the underlying automobile accident. [#68 at 13].

This court concludes that additional discovery was not likely foreseeable for purposes of reopening discovery. To be sure, Ms. Carroll made clear her ongoing treatment for her hiatal hernia. She even testified at her deposition in June 2020 that she was receiving conservative treatments for her hiatal hernia, but that invasive surgery could be an option later. But despite this, her counsel requested an expedited trial. And she does not now identify what precise discovery

she may seek on the issue should the court reopen discovery. Nor can this court independently discern an adequate basis for discovery, or a retained expert, with respect to her condition. Thus, this factor weighs against reopening discovery.

*Whether Discovery Will Lead to Admissible Evidence*. Ms. Carroll argues that additional discovery will likely lead to admissible evidence regarding her damages. *See* [#60 at 7-8; #69 at 8-10]. Safeco counters that additional discovery will not yield any admissible evidence because she has only incurred approximately $98,000 in past medical expenses (well below the $250,000 received from the at-fault driver) and her physician has not prescribed surgery, nor will additional discovery lead to any admissible evidence as to Claim 2 because Ms. Carroll alerted Safeco to hiatal hernia after initiating this suit when Safeco's duty to negotiate was suspended. [#68 at 14]. Respectfully, this court concludes that additional discovery could likely reveal admissible evidence regarding Ms. Carroll's claimed damages, but this only weighs slightly in favor of reopening discovery.

### C. Conclusion

On balance, the relevant factors do not warrant reopening discovery for an additional three or four months given that Ms. Carroll fails to demonstrate good cause for further amending the Scheduling Order and she fails to demonstrate her diligence in obtaining the relevant discovery regarding her hiatal hernia that she now seeks. Accordingly, I **DENY** the Motion for Leave to Reopen Discovery. In so ruling, this court does not pass on any admissibility issues related to Plaintiff's claimed injuries and/or damages, including but not limited to the hiatal hernia, which are properly reserved for Judge Blackburn.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

15

(1) Defendant's Motion to Strike [#54] and Plaintiff's Motion for Leave to Reopen Discovery [#60] are **DENIED**.

DATED:  December 24, 2020

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

15